UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81371-CIV-COHN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DANIELLE BADGLEY,

      Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff United States of America's

Motion for Summary Judgment [DE 12].  Defendant has failed to respond to the motion

by the deadline of March 19, 2011, though the Court has reviewed Defendant's prior

response to the Complaint [DE 9].  The Court has carefully considered the motion and

is otherwise fully advised in the premises.

## I.  BACKGROUND

The facts of this action are not in dispute.  Plaintiff signed a promissory note on

January 23, 2002 and received a Direct Consolidation loan from the United States

Department of Education.  Exhibits A and B to Motion [DE's 12-2 and 12-3].  The

Certificate of Indebtedness filed with the present motion states that the loan was

"disbursed for $6,225.05 on April 4, 2002 and $7,402.43 between April 4, 2002 and

February 4, 2003, at 6.38 percent interest per year."  Exhibit B to Motion [DE 12-3].

The loan was made by the Department under the William D. Ford Federal Direct Loan

Program Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C.

§ 1087a, *et seq.* (34 C.F.R. Part 685).  Id.

Defendant defaulted on her student loan obligation on September 24, 2007.  A total of $2,477.49 in unpaid interest was capitalized and added to the principal balance pursuant to 34 C.F.R. § 685.202(b).  Id.  The Department of Education credited a total of $349.06 in payments from all sources, including Department of Treasury offsets, leaving a total debt as of December 16, 2010, of $16,072.94 in principal plus $5,523.91 in interest.  On November 11, 2011, the United States Department of Justice notified Defendant by mail of her balance and that the action was being referred to private counsel, David E. Newman, P.A., to initiate a legal action to collect this debt.  This action followed on December 20, 2011.  Defendant filed an answer to the Complaint admitting that she owes the Department the amount claimed and sought to arrange a payment plan.  Plaintiff has now moved for summary judgment.

## II.  DISCUSSION

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some

2

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Actions to enforce promissory notes are suitable classes of cases for disposition by summary judgment. Colony Creek, Ltd. v. Resolution Trust Corp., et al., 941 F.2d 1323, 1325 (5th Cir. 1991); Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir. 1973). In this action, Defendant applied for a loan, received the proceeds from the loan, and has not paid back the loan. Defendant does not attempt to state a valid defense to her liability for the loan. With no valid defense for her liability on the note, this Court must grant summary judgment for Plaintiff. First State Bank & Trust Company of Valdosta, Georgia v. McIver, 893 F.2d 301, 306 (11th Cir. 1990).

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff United States of America's Motion for Summary Judgment [DE 12] is

hereby **GRANTED;**

2.      The Court will separately enter a final judgment in this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 22nd day of March, 2012.

_____

JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record